# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39949 (f rev)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Nicholas G. HOWELL**
First Lieutenant (O-2), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 28 September 2022

————————————

*Military Judge:* Jason M. Kellhofer; Dayle P. Percle (remand).

*Sentence:* Sentence adjudged 11 May 2020 by GCM convened at Shaw Air Force Base, South Carolina. Sentence entered by military judge on 1 July 2020: Dismissal, confinement for 30 days, and total forfeitures. Sentence reentered on 13 January 2022: Dismissal and confinement for 30 days.

*For Appellant:* Captain David L. Bosner, USAF.

*For Appellee:* Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before POSCH, RICHARDSON, and CADOTTE, *Appellate Military Judges*.

Judge CADOTTE delivered the opinion of the court, in which Senior Judge POSCH and Judge RICHARDSON joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

CADOTTE, Judge:

A general court-martial composed of a military judge sitting alone found Appellant guilty, in accordance with his pleas and pursuant to a plea agreement,[1] of one charge and one specification each of distribution and use of cocaine, both on divers occasions, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a, *Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*); and one charge and specification of fraternization, in violation of Article 134, UCMJ, 10 U.S.C. § 934.[2] The military judge sentenced Appellant to a dismissal, confinement for 30 days, and total forfeitures of pay and allowances.

Appellant's case is before the court a second time. Appellant initially raised one assignment of error: (1) that he is entitled to relief because the convening authority failed to take action on the sentence. After the case was joined and while the court's decision was pending, on 27 September 2021 Appellant raised a supplemental assignment of error: (2) that unreasonable appellate delay warrants sentence relief. To resolve the first assignment of error, and without deciding the second, we remanded Appellant's case to the Chief Trial Judge, Air Force Trial Judiciary. *United States v. Howell*, No. ACM 39949, 2021 CCA LEXIS 563, at *6 (A.F. Ct. Crim. App. 28 Oct. 2021) (per curiam) (unpub. op.). On remand, the convening authority approved the adjudged sentence in its entirety, and a new entry of judgment (EoJ) was completed on 13 January 2022. On 21 January 2022, the case was re-docketed with the court and, on 31

---

[1] In accordance with the plea agreement Appellant waived the following: his right to trial by members, the personal appearance of presentencing witnesses, and all waivable motions. He also elected to be sentenced under the post-1 January 2019 rules and agreed to enter into a stipulation of fact. The plea agreement required concurrent segmented sentences, and no more than 120 days' confinement for each specification if a dismissal was not adjudged or no more than 60 days' confinement for each specification if a dismissal was adjudged. Pursuant to the plea agreement, Appellant pleaded not guilty to one charge and specification in violation of Article 80, UCMJ, 10 U.S.C. § 880 *Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*), which was withdrawn and dismissed with prejudice prior to adjournment.

[2] Appellant was convicted of conduct spanning between on or about 1 April 2018 and on or about 13 March 2019. Accordingly, all references in this opinion to the punitive articles of the UCMJ are to the 2016 *MCM*. The charges were referred to trial after 1 January 2019. Unless otherwise specified, all other references to the UCMJ and the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.). *See* Exec. Order 13,825, §§ 3, 5, 83 Fed. Reg. 9889, 9889–90 (8 Mar. 2018).

January 2022, Appellant resubmitted the case, stating that he preserved and maintained the second assignment of error.

We find the convening authority's action and the new EoJ remedy the issue Appellant identified in his first assignment of error. However, the sentence reflected in the 13 January 2022 EoJ is inconsistent with the convening authority's second Decision on Action memorandum with regard to the forfeitures of pay and allowances. As such, we also consider a third issue not raised by Appellant: (3) whether the EoJ requires corrective action. After addressing issues (2) and (3), we find no error materially prejudicial to Appellant's substantial rights occurred. Concluding that the findings and sentence of a dismissal and confinement for 30 days as entered on 13 January 2022 are correct in law and fact, and should be approved, we affirm the findings and the sentence as entered on 13 January 2022.

## I. BACKGROUND

Appellant used cocaine at various locations to include a bar, a restaurant, and a strip club on four days in the first months of 2019, which uses were witnessed by another officer, an enlisted member, and a civilian. In addition to using cocaine himself, Appellant also distributed cocaine to that officer and civilian and they all used it together. Appellant also unlawfully fraternized with a junior enlisted Airman by engaging in a sexual relationship with her from May 2018 until March 2019.

## II. DISCUSSION

### A. Timely Appellate Review

#### 1. Law

When appellate review results in a decision not being rendered within 18 months of the case being docketed a presumption of unreasonable delay arises. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). If there is a presumption of unreasonable delay or an otherwise facially unreasonable delay, we examine the matter under the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135 (citations omitted). *Moreno* identified three types of prejudice arising from post-trial processing delay: (1) oppressive incarceration; (2) anxiety and concern; and (3) impairment of a convicted person's grounds for appeal and ability to present a defense at a rehearing. *Id.* at 138–39 (citations omitted).

"We analyze each factor and make a determination as to whether that factor favors the Government or [Appellant]." *Id.* at 136 (citation omitted). Then,

we balance our analysis of the factors to determine whether a due process violation occurred. *Id.* (citing *Barker*, 407 U.S. at 533 (holding "courts must still engage in a difficult and sensitive balancing process")). "No single factor is required for finding a due process violation and the absence of a given factor will not prevent such a finding." *Id.* (citation omitted). However, where an appellant has not shown prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

In accordance with our authority under Article 66(d), UCMJ, 10 U.S.C. § 866(d), we also consider if relief for excessive post-trial delay is appropriate even in the absence of a due process violation. *See United States v. Tardif*, 57 M.J. 219, 221, 225 (C.A.A.F. 2002).

### 2. Analysis

Appellant asserts the length of time his case was pending appellate review warrants setting aside the sentence of a dismissal and confinement. Appellant focuses on the period of time that elapsed after the case was initially docketed until our first decision. Although Appellant's assignment of error does not address the time that elapsed after re-docketing, we consider it in our analysis.[3]

Appellant's record of trial was originally docketed on 14 August 2020. Appellant's counsel requested and was granted one enlargement of time to file assignments of error, the first of which was filed on 26 October 2020. On 27 September 2021, Appellant requested leave to file a supplemental assignment of error with respect to issue (2), which we granted on 7 October 2021. At the same time Appellant submitted his supplemental brief, he requested speedy appellate review. On 28 October 2021 we remanded Appellant's case to resolve the first assignment of error, approximately 15 months after the case was initially docketed. *Howell*, unpub. op. at *6. We issue this decision approximately nine months after re-docketing.

In support of this assignment of error, Appellant claims "[t]he process of being ostracized from, not only the unit, but all formal military structure

---

[3] Appellant's merits brief included the following footnote:

> Appellant specifically preserves and maintains the supplemental assignment of error raised on 27 September 2021; this [c]ourt granted a motion for leave to file on 7 October 2021. This [c]ourt did not address this assignment of error prior to remand. An additional four months have elapsed since the speedy appellate review assignment of error was filed, three months have passed since this [c]ourt remanded.

(Citation omitted).

caused ongoing levels of anxiety and depression that led to [Appellant's] primary care manager [ ] recommending treatment with medication." Appellant states it took months after his court-martial to in-process at the nearest base and he was not able to obtain an appointment with a health care professional until "almost a year and a half after the court-martial." Appellant argues the delay in receiving a Department of Defense Form 214, *Certificate of Uniformed Service* (Feb. 2022), has negatively impacted his employment prospects. In that regard, he states, "This delay contributed to [his] deeper depression because he can only work dead end jobs that he has neither the passion for nor the financial incentive to be high performing." Finally, Appellant states he is unable to enroll in a master's degree program because "his acceptance was frozen due to 'ongoing criminal prosecution.'"

Because each of our opinions were issued within 18 months of docketing, neither period of appellate review results in a presumption of facially unreasonable delay. *See Moreno*, 63 M.J. at 142. Applying *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), we decline to exercise our Article 66(d), UCMJ, authority in the absence of a due process violation. *See also Tardif*, 57 M.J. at 223–24. Relief is not warranted on this issue.

## B. Failure to Include Approved Forfeitures in the EoJ

On 11 May 2020, the military judge sentenced Appellant to a dismissal, confinement for 30 days, and total forfeitures. On the same day, the military judge completed a Statement of Trial Results that accurately reflected the adjudged sentence. The military judge signed the original EoJ on 1 July 2020, which also accurately included "total forfeitures" as a component of the sentence. After our remand, on 19 November 2021 the convening authority signed a second Decision on Action memorandum, approving the adjudged sentence in its entirety, to include forfeitures.

The military judge entered a sentence on 13 January 2022 that did not properly reflect the convening authority's decision. The record reveals no post-trial rulings or orders modifying the approved sentence, yet the military judge did not enter "total forfeitures" as a component of the sentence on the EoJ. Instead, the military judge annotated "N/A" after "Forfeitures of Pay and/or Allowances."[4] We assume that this was a clerical error and the military judge did not intend to modify the original EoJ as might have been authorized by Article 60c, UCMJ, 10 U.S.C. § 860c. To address a clerical error in the EoJ,

---

[4] The EoJ was designated as "corrected." Modifications were emphasized by bold text, deletions were marked by striking through the text, and additions were underlined. The "N/A" with respect to forfeitures was not emphasized.

either party may file a post-trial motion within five days of receiving it, *see generally* Rule for Courts-Martial (R.C.M.) 1104(b), but neither party did. The convening authority's staff judge advocate indorsed the EoJ on 13 January 2022.

Proper completion of post-trial processing is a question of law we review de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). A Court of Criminal Appeals (CCA) "may act only with respect to the findings and sentence as entered into the record under [Article 60c, UCMJ]" and "may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as the Court finds correct in law and fact and determines, on the basis of the entire record, should be approved." Article 66(d), UCMJ. Rule for Courts-Martial 1111(c)(2) states CCAs "may modify a judgment in the performance of their duties and responsibilities," and "the military judge may modify the judgment consistent with the purposes of the remand," when a case is remanded. R.C.M. 1111(c)(3). We note that this rule does not mandate a CCA take corrective action to remedy an EoJ error. As we are not exercising our discretion to modify the EoJ or remanding the case to correct the error, it is not necessary for us to harmonize the authority of CCAs to modify an EoJ as granted by R.C.M. 1111(c)(2) with Article 60c, UCMJ, which does not confer that authority.

In making the determination not to exercise our discretion in remedying the military judge's error, we considered prejudice to Appellant and found none. We also considered the nature and magnitude of the error. As a practical matter, the significance of the error is low; even if no forfeitures were adjudged, Appellant was subject to automatic forfeitures of all pay and allowances while confined. Article 58b, UCMJ, 10 U.S.C. § 858b. After release from confinement, he was required to take leave pending completion of appellate review. *See* Article 76a, UCMJ, 10 U.S.C. § 876a (stating an Appellant "who has been sentenced by a court-martial may be required to take leave pending completion of action under this subchapter if the sentence includes an unsuspended dismissal or an unsuspended dishonorable or bad-conduct discharge").[5] Under the circumstances, we find remedial action is not warranted.

---

[5] After Appellant exhausted his accrued leave, he should have entered an unpaid status in accordance with Air Force Manual 65-116 Volume 1, *Defense Joint Military Pay System Active Component (DJMS-AC) Financial Management Flight (FMF) Procedures*, ¶ 44.6.2.1.4 (23 Oct. 2019) which states:

> A member directed to take appellate review leave on or after 19 January 1982, may either receive a lump sum payment for any accrued leave balance, and remain in an unpaid excess leave status until the

Unfortunately, errors in the EoJ persist after this court has ordered remedial action. Personnel involved in post-trial processing are expected to exercise attention to detail in drafting and reviewing post-trial documents and must ensure that judgments are entered correctly. In this case, the Government could have sought to correct the EoJ but did not. Under the circumstances here, we are not inclined, again, to order remedial action.

### III. CONCLUSION

The findings of guilty and the sentence of a dismissal and confinement for 30 days—as entered on 13 January 2022—are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

end of the review, or may receive normal pay and allowances until the accrued leave is used and then continue in an unpaid excess leave status until the review is completed.